

**Attorney**

John P. Fazzio, III **
Zoltan Simon, II +

**Legal Professionals**

Caitlin Grayson #
Melissa Pasquariella-Stefano ¶
Geovane Lemond ¢

**KEY**
** Also Member of NY & PA
. Member of NY Only
* Member of NJ Only

**KEY**
# Chief Operating Officer
¶ Paralegal
¢ Billing Coordinator

**Hoboken Office**
5 Marine View Plaza
Ste. 218
Hoboken, NJ 07030

PLEASE SEND ALL
CORRESPONDENCE
TO HOBOKEN ADDRESS
_____

P: (201) 529-8024
F: (201) 529-8011
www.fazziolaw.com

**New York Office**
305 Broadway
7th Floor, Suite 19
New York, NY 10007

December 26, 2023

**VIA ELECTRONIC FILING**

Hon. J. Paul Oetken, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    **Riverview Energy Corporation vs. Bethel Capital Investment, et als.**
       **Docket No.: 1:23-cv-06200-JPO**

Dear Judge Oetken:

Our offices represent Riverview Energy Corporation ("Plaintiff") in the above-referenced matter. I am writing to update the Court on our good faith efforts to effectuate service on all defendants. I am happy to report that service has been effectuated as to defendant Batsela Asset Management. However, I must request leave to undertake substituted service under Rule 4(f)(2)-(3) on the one corporate defendant and the two individual defendants for which service has yet to be completed.

I would submit to the Court that there is good cause for Plaintiff's delay in completing and effectuating service, despite diligent efforts to do so, due to the difficulty in locating certain international parties to this lawsuit who were unable to be served at their designated places of business and/or whose addresses have changed since the business agreements giving rise to this dispute were entered.

Rule 4(f)(1) permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." *Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511-512 (S.D.N.Y. 2013). Subject to enumerated restrictions, Rule 4(f)(2) permits alternative service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Finally, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders."

Defendant Batsela Asset Management has been served in accordance with F.R.C.P. 4(f)(1), through service at its official address, listed in the Summons (Dckt. No.: 22), and through the

receipt of the Acte D'Huissier de Justice, which is good service under the Federal Rules of Civil Procedure and the Hague Service Convention.

Mr. Quesneau's letter update on efforts to effectuate service and the Huissier's Certificate of Service on Batsela Asset Management (not yet translated), has been uploaded to the docket at Dkt. No. 28. I apologize for our delay in getting this document translated and moving for default as to this defendant, but we are in the process of doing so and should have this completed in the next few weeks, prior to January 12th.

Accomplishing service on Bethel Capital Investment and the two individual defendants, Mr. Antonine Ingandu and Mr. Joel Nzali, has been more difficult. My office continues to work with Mr. Quesneau, an attorney in France, who has referred Plaintiff to a local Huissier and acted as a liaison to ensure the Huissier follows the local procedures in France and the Hague Service Convention in completing service on these remaining defendants.

These procedures include an address search, delivery of a copy of the complaint to the listed mailing address on record in France, and completion of a Certificate of Proof of Service document similar to what we are used to in this jurisdiction.

Bethel Capital Investment had offices in London and Mr. Ingandu (also a co-Defendant) had listed himself as having the same London address. It appears that Bethel Capital Investment does not have an office at the listed address of 20-22 Wenlock Road, London, N1 7GU, UK today. It appears that Joel Nzali, the principal of Batsela, lives in Begles, France, and Mr. Ingandu, the principal of Bethel Capital Investment, lives in Fontenay-sous-Bois. Huissier Etude Cazenave is attempting service on Mr. Ingandu at this French address presently and should be able to complete service if the address is in fact valid in the coming month.

Plaintiff requests, given that it would be consistent with the requirements of Rule 4(f)(3) that Plaintiff be permitted to undertake appropriate substitute service by serving Bethel Capital Investment and its founder, Antoine Ingandu, through mail service to 20-22 Wenlock Road, London, N1 7GU, UK (Summons address in Dckt. No.: 19-20), and to effectuate substituted service simultaneously by serving both individual defendants with the same summons via e-mail to their WeChat address that was used to communicate with the Plaintiff about the underlying investment, and that upon certification of these efforts, these methods of substituted service would be deemed good and valid service on Bethel Capital Investment, Antoine Ingandu, and Joel Nzali, the principal of Batsela Asset Management, whose company has already been properly served and is presently subject to being determined to be in default.

I would note that the 20-22 Wenlock Road, London N1, 7GU, UK address was listed by the unserved parties (Bethel Capital Investment and Antoine Ingandu) in the Stock Purchase Agreement as Bethel's business address and such address appears below Antoine Ingandu's signature on Bethel's behalf. The Stock Purchase Agreement is annexed to the Complaint as Exhibit 1 (Dkt, No.: 1, Ex. 1). Please also note that the attorney who allegedly negotiated the Stock Purchase Agreement, Jonathan Frappier, and who is currently registered as a New York attorney, has been contacted and states that he does not represent Bethel Capital Investment or Antoine Ingandu and cannot accept service on their behalf in this litigation.

       I would submit to the Court that the above-listed efforts demonstrate good cause to extend the deadline for Service of Process to be completed for another thirty (30) days as to the unserved parties, and to permit substituted service on those parties for which service has been ineffectual. If necessary, counsel can file an appropriate motion, or if leave is granted for substituted service, these efforts will be taken forthwith, and in the interim, Plaintiff will continue with the efforts described above.

       I thank the Court for its courtesies and attention to this matter.

Granted.
Plaintiff's requests for an extension of the deadline for service of process until January 26, 2024 and for substituted service are granted.
So ordered.
1/2/2024

**FAZZIO LAW OFFICES**
*Attorneys for Plaintiff, Riverview Energy Corporation*

*/s/ John P. Fazzio, Esq.*
JOHN P. FAZZIO, ESQ.
BAR ID (JF1752)

_____
J. PAUL OETKEN
United States District Judge