UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RIVERVIEW ENERGY
CORPORATION,

                  Plaintiff,

        -v-

BETHEL CAPITAL INVESTMENT, *et al*.,

                  Defendants.

23-CV-6200 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

On July 18, 2023, Plaintiff Riverview Energy Corporation ("Riverview") filed this action against Defendants Bethel Capital Investment ("Bethel"), Antoine Ingandu, Batsela Asset Management ("Batsela"), and Joel Nzali for breach of contract, fraud, and other claims. (ECF No. 1.) Batsela was served on November 14, 2023 (ECF No. 28), and the other three Defendants were served on January 26, 2024 (ECF Nos. 33-35). None of the Defendants has appeared or answered. The Clerk of the Court issued certificates of default on April 30, 2024. (ECF Nos. 42-45.) Riverview moved for default judgment on May 9, 2024 (ECF No. 50), and completed service of the motion on all Defendants on November 8, 2024 (ECF Nos. 67-71).

A party "against whom a judgment for affirmative relief is sought" is in default when the party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A default is "an admission of all well-pleaded allegations against the defaulting party." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). Nonetheless, a district court must "determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (brackets omitted). Upon reviewing Riverview's motion for default judgment and its supporting submissions, the Court concludes that Plaintiff has established liability against all Defendants.

On the other hand, "a defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Instead, the "burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested." *Id.* (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Plaintiff seeks to recover expectation damages from Bethel's breach of a Stock Purchase Agreement and Batsela's breach of an Engagement Letter. (ECF No. 52 at 16-19.) "In the case of a breach of a contract to sell securities, expectation damages are calculated as 'the difference between the agreed price of the shares and the fair market value at the time of the breach.'" *Emposimato v. CICF Acquisition Corp.*, 89 A.D.3d 418, 421 (1st Dept. 2011) (quoting *Aroneck v. Atkin*, 90 A.D.2d 966, 966 (4th Dept. 1982)). Plaintiff has proffered no evidence as to the fair market value of its shares at the time of the breach, instead seeking to recover the full contract price of $20 million plus additional costs and expenses. (*See* ECF No. 1 at 38-39; ECF No. 52 at 17-18.) Plaintiff has failed to establish its entitlement to such relief by a reasonable certainty. Where, as here, a plaintiff's "expectancy interest is not reasonably certain or cannot be measured without speculation," he "may recover damages based on his reliance interest, including expenditures made in preparation for performance or in performance." *Paragon Digital Lifestyle Inc. v. Adaptive Micro-Ware, Inc.*, No. 20-CV-4725, 2022 WL 4383999, at *8 (S.D.N.Y. Sept. 22, 2022) (quotation marks omitted) (quoting *St. Lawrence Factory Stores v. Ogdensburg Bridge & Port Auth.*, 13 N.Y.3d 204, 208 (2009)); *see also Abraham v. Leigh*, 471 F. Supp. 3d 540, 565 (S.D.N.Y. 2020) ("Under New York law, when expectation damages defy precise calculation, reliance damages are the appropriate remedy. Reliance damages are intended to place plaintiffs in the same position as they were prior to the execution of the contract." (cleaned up)). Accordingly, Bethel and Ingandu are jointly and severally liable to Riverview for $25,000 in

reliance damages (ECF No. 54 ¶¶ 9-10; *see also* ECF Nos. 54-1, 54-2), as well as $29,153.50 in attorneys' fees pursuant to the Stock Purchase Agreement (ECF No. 53 ¶¶ 28-37).  Batsela and Nzali are jointly and severally to Riverview for $421,600 in reliance damages for costs and renumeration expended under the Engagement Letter.  (ECF No. 54 ¶¶ 14-19; *see also* ECF No. 54-4.)

\*    \*    \*

For the foregoing reasons, Riverview's motion for default judgment is GRANTED.

The Clerk of Court is directed to enter judgment as follows:

1. in favor of Riverview Energy Corporation and against Bethel Capital Investment and Antoine Ingandu, jointly and severally, in the amount of (a) $25,000 plus prejudgment interest at 9 percent per annum, calculated from July 18, 2023 to the date of judgment, plus (b) $29,153.50 in attorneys' fees;

2. in favor of Riverview Energy Corporation and against Batsela Asset Management and Joel Nzali, jointly and severally, in the amount of $421,600 plus prejudgment interest at 9 percent per annum, calculated from July 18, 2023 to the date of judgment.

The Clerk of Court is directed to terminate the motion at ECF Number 50, enter final judgment as set forth above, and close this case.

SO ORDERED.

Dated: February 3, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge